# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA, | CASE NO. 1:13-cv-01061-LJO-MJS PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO PAY FILING FEE IN FULL WITHIN FOURTEEN DAYS OR DISMISSAL WILL OCCUR |
| v. | |
| YOSSI CARRON, et al., | (ECF No. 1) |
| Defendants. | |

Plaintiff Danny James Cohea ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 11, 2013. Plaintiff has failed to pay the filing fee and for the reasons laid out below, Plaintiff cannot proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.   SECTION 1915(g)**

Plaintiff is subject to section 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] 28 U.S.C. § 1915(g).

The determination whether a plaintiff is under imminent danger of serious physical

---

[1] The Court takes judicial notice of case numbers 2:97-cv-0366-FCD-DAD Cohea v. Bray (E.D. Cal.) (Dismissed on 03/24/1998 for failure to state a claim); 3:09-cv-0679-RCJ-RAM Cohea v. Access Secure Pak (D. Nev.) (Dismissed on 08/03/2010 for failure to state a claim); and 3:10-cv-0437-IEG-RBB Cohea v. Patzloff (S.D. Cal.) (Dismissed on 03/02/2011 for failure to state a claim and for failure to comply with the Court's orders).

injury is made based on the conditions at the time the complaint is filed, Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007), and the allegation of imminent danger must be plausible, id. at 1054.

There must be a sufficient nexus between the imminent danger a three-strikes prisoner alleges to obtain in forma pauperis status and the legal claims asserted in the complaint. See Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009.) "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [in forma pauperis]." Id. at 298-299 (emphasis in original).

## II.     PLAINTIFF'S ALLEGATIONS

In his Complaint, Plaintiff alleges claims for relief against the following individuals: 1) Yossi Carron, Jewish rabbi; 2) L. Nelson, appeals coordinator, 3) D. Adams, warden, 4) Patricia Webber Helm, deputy attorney general; 5) James LaPorte, Superior Court Kings County, 6) Scott Folds, correctional CDCR, 7) S. Fuento, correctional CDCR, 8) D. Leon, associate warden, 9) R. Verla, chief deputy warden, 10) J. Lopez, correctional sergeant, 11) J. Bales, appeals examiner, 12) D. Foston, chief inmate appeals branch, 13) S. Hemenesky, appeals examiner, 14) C. Barnett, appeals coordinator, 15) D. Hansen, correctional CDCR, 16) A. Quenedo, correctional CDCR, 17) J. Medzna, business manager, 18) C. Gipson, CDW, 19) R. Davis, appeals examiner, 20) Calvinoff, correctional CDCR, 21) Acipaz, food service manager, 22) L. Gastelo, correctional CDCR manager, 23) Elefante, correctional CDCR, 24) Uhlik, correctional CDCR, 25) Marlene Smith, resource manager, 26) Catherine Cohagan, 27) C. McCabe, medical doctor, 28) M. Magana, correctional officer, 29) R. Sandral, correctional officer, 30) H. Avia, correctional officer, 31) S. Cano, appeals coordinator, 32) N. Zavala, correctional administrator, 33) M. Seifert, correction captain, 34) J. Faldon, correctional officer. Plaintiff alleges that these individuals

violated his rights under various sections of the United States Code, the California Code of Regulations, California law, and the California Constitution. Plaintiff also alleges violations under the First Amendment due to retaliation and violations of his right to religious freedom, the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clauses of the Fifth and Fourteenth Amendments, and the Eighth Amendment for cruel and unusual punishment.

Plaintiff's allegations are as follows:

Plaintiff is an African-American Christian inmate who follows Jewish laws and requires a kosher diet. (Compl. at 4.) The prison rabbi refused Plaintiff's request for kosher meals. (Id. at 5.) Plaintiff had to file additional forms and grievances to obtain his necessary kosher meals. (Id.) Plaintiff was unable to participate in various Jewish holidays due to the delay. (Id. at 6-7.) Plaintiff was ultimately provided with kosher food on May 4, 2009. (Id. at 12.)

After Plaintiff received authorization for his kosher meals, he continued to be subject to constitutional violations related to his dietary restrictions. (Compl. at 22.) Plaintiff's meals often did not completely comply with kosher rules or were missing certain items. (Id. at 23, 26.) Plaintiff's kosher meals did not provide him with enough calories per day so he lost approximately ten pounds. (Id. at 27.) Plaintiff asked for the kosher meals to be supplemented with additional food but prison officials refused to do so, even though they would have granted such a request if it had been made by a Jewish inmate. (Id. at 28-35.) Plaintiff was given the choice of either continuing with his kosher diet or returning to the normal prison diet. (Id. at 25.) Plaintiff's kosher meals were often repeats, even though Jewish inmates were provided with a variety of kosher meals. (Id. at 36.) Plaintiff was denied kosher meals on certain Jewish holidays and instead was provided with peanut butter and jelly sandwiches or other inadequate substitutes. (Id. at 45.) Due to Plaintiff's continued complaints to prison staff, he was provided with poisonous kosher meals several times. (Id. at 47.) Plaintiff filed grievances and forms regarding these problems but did not

get acceptable responses.  (Id. at 37-45, 47-68, 70-72.)

Plaintiff was not allowed to watch certain Christian programs on Sundays connected with the with the "Philadelphia Church of God".  (Compl. at 15-16.)  After Plaintiff was transferred to another prison some of his religious materials were stolen from him.  (Id. at 17.)

Plaintiff asks for a declaratory judgment, a preliminary and permanent injunction, compensatory damages, and punitive damages.  (Compl. at 80.)

## III.   DISCUSSION

Plaintiff will only be allowed to proceed in this action in forma pauperis if he can show he was subject to imminent danger at the time the Complaint was filed.

Plaintiff does not allege he is in any imminent danger as a result of the events giving rise to his claims. He does suggest the presence of an imminent danger insofar as the prison has classified him with an "R Suffix", which identifies him as a rapist, and an "IEX suffix", which identifies him as an exhibitionist.  (Compl. at 3.)  According to Plaintiff, prisons have used these suffixes to target African-American inmates like Plaintiff so they will be housed with cell-mates who might harm him.  (Id.)  Plaintiff does not argue that the classifications are erroneous or unwarranted. He does not here sue to have them changed or removed.

Plaintiff's inmate classification status allegations are not the subject of his complaint. Thus, allowing him to proceed pro se with this complaint would do nothing to alleviate or protect against the immanent danger impliedly flowing from his classification.  The immanent danger exception is designed to enable a Plaintiff who needs to proceed with an action, even though he can not pay a filing fee, so that he can seek judicial relief from the danger.  It does not apply here.  Threats to which Plaintiff is currently subject are related to his conviction and prior behavior, not his religion.  A favorable judicial action would not and could not redress such threats; and the reasons for the threats (the classifications) will remain.  See Pettus, 554 F.3d at 298-99.

1    Plaintiff also fails to establish any imminent danger.  He alleges prison officials sometimes use these suffixes to place inmates in harms way from other inmates, but provides nothing to suggest he has been threatened with or actually faces such danger.

Plaintiff has failed to allege sufficient facts to meet the imminent danger exception.

## IV.    ORDER

For the reasons set forth herein, it is ORDERED that:

1. Plaintiff shall pay the $400.00 filing fee in full within **fourteen (14) days** from the date of service of this order; and
2. If Plaintiff fails to pay the $400.00 filing fee in full within fourteen days, this action shall be dismissed, without prejudice.

IT IS SO ORDERED.

Dated:   July 31, 2013            /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE